Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
2000 Crow Canyon Place, Suite 200
San Ramon, CA 94583-1344
Telephone: (925) 302-2000
Facsimile: (925) 302-2010

Attorneys for Defendant
PLEASANTON UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. and JILL GALLINATTI,<br><br>    Plaintiffs,<br><br>v.<br><br>PLEASANTON UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | CASE NO.   C07–5841 SI<br><br>**DEFENDANT PLEASANTON UNIFIED SCHOOL DISTRICT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant PLEASANTON UNIFIED SCHOOL DISTRICT ("District"), pursuant to Rule 8 of the Federal Rules of Civil Procedure, in answer to the Complaint of Plaintiffs DAVID W. ("David") and JILL GALLINATTI ("David's mother") ("Plaintiffs"), hereby admits, denies and alleges as follows:

**COMPLAINT**

**INTRODUCTION**

1.    In answer to paragraph 1 of the Complaint, the District asserts that the cited provisions of 20 United States Code, the Individuals with Disabilities Education Improvement Act ("IDEA") (20 U.S.C. §§ 1400 *et seq.*), and the California Education Code, speak for themselves and, therefore, denies all allegations within paragraph 1 that attempt to characterize, paraphrase or expand on the language in said provisions.  The District also asserts that certain allegations in paragraph 1 consist of speculation,

DEF.'S ANSWER TO PL.'S COMPL.

-1-

David W. v. Pleasanton Unified Sch. Dist.
CASE NO.  C07–04075 JL

1  conclusion, and legal argument, rather than a factual presentation and, therefore, the District denies all
2  such allegations therein.
3      2.    In answer to paragraph 2 of the Complaint, the District admits all allegations contained in
4  lines 1 through 4 (commencing at "In August . . ." and ending at ". . . specialist services."). In addition
5  to said admission, the District asserts that "[d]uring that time period . . ." David utilized regular
6  education drop-in guidance and/or counseling available through the course of general education, and that
7  said general and/or regular drop-in guidance and/or counseling were not provided through an
8  Individualized Education Plan ("IEP") because David did not need them for purposes of serving his
9  unique individual needs under the IDEA. Aside from said admission and affirmative allegations, the
10 District denies all remaining allegations therein.
11     3.    In answer to paragraph 3 of the Complaint, the District denies all allegations therein.
12     4.    In answer to paragraph 4 of the Complaint, the District admits that the District convened an
13 IEP meeting for David on or about March 10, 2005; at the March 10, 2005 IEP meeting the District
14 began the referral process of David to Alameda County Mental Health ("CMH") for possible AB 3632
15 services; and that David's mother consented to the referral of David to CMH. The District further
16 admits that it did not provide the referral to CMH within five days. Aside from said admissions, the
17 District also asserts the cited California Government Code provisions and regulations in paragraph 4
18 speak for themselves and, therefore, denies any allegations in paragraph 4 that attempt to characterize,
19 paraphrase or expand on the language in said provisions and regulations. Aside from said admissions
20 and affirmative allegations, the District denies all remaining allegations therein.
21     5.    In answer to paragraph 5 of the Complaint, the District admits that, based on information,
22 knowledge and belief, David assaulted his father with a hammer on or about May 15, 2007, and was
23 immediately taken to Alameda County Juvenile Hall where he became the educational responsibility of
24 the Alameda County Office of Education ("COE"); that Tranquility Bay was not an appropriate
25 placement for David and that he did not prosper there; and that in or about November 2005, David's
26 mother unilaterally placed David at Willow Creek School in Utah in accordance with the Alameda
27 County Superior Court's ("Superior Court") July 15, 2005 order, which ordered David be placed outside
28 of his mother's home; and that David remained in Willow Creek until on or about January 5, 2007.

Aside from said admissions, the District asserts that in or around July 15, 2005, by way of a plea bargain with the Superior Court by David's mother, the Court ordered that David be made a Welfare and Institutions Code section 602 ward of the court; custody of David be taken from David's mother and given to the Alameda County Probation Department ("Probation Department"); David be removed from the home of David's mother; David's mother purchase airline tickets to Jamaica and present them to the Probation Department; and David be placed in a suitable foster care home, private institution or group home/county facility. The District also asserts that pursuant to an order or orders by the Superior Court in or about July 2005, David's mother placed David at Tranquility Bay, Jamaica on or about July 22, 2005, at her own expense. Aside from said admissions and affirmative allegations, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations and, therefore, denies all remaining allegations therein.

6. In answer to paragraph 6 of the Complaint, the District admits that it did contact CMH in or around August 30, 2006, to arrange for a mental health assessment of David; it held an IEP meeting for David in December 2006; that David was placed at Provo Canyon Residential placement, in Provo Canyon, Utah, retroactive to on or about January 8, 2007 and that the District and CMH jointly funded David's said placement through his graduation from Provo Canyon in June 2007. Aside from said admissions, the District asserts that the referenced January 2006 letter of David's mother speaks for itself and, therefore, denies all allegations in paragraph 6 that attempt to characterize, paraphrase or expand on the language of said letter. Aside from said admissions and affirmative allegations, the District denies all remaining allegations therein.

7. In answer to paragraph 7 of the Complaint, the District admits that David filed a Due Process Request with the Office of Administrative Hearings ("OAH") on or about March 8, 2007. Aside from said admission, the District asserts that the cited Request for Due Process speaks for itself and, therefore, denies all allegations within paragraph 7 that attempt to characterize, paraphrase or expand on the language in said Request for Due Process.

8. In answer to paragraph 8 of the Complaint, the District admits that the OAH issued a decision in the underlying due process hearing to this matter on or about August 20, 2007. Aside from said admission, the District asserts that said decision by OAH speaks for itself and, therefore, denies all

allegations in paragraph 8 that attempt to characterize, paraphrase or expand on the language of said decision. The District also asserts that the cited provisions of 20 United States Code and the California Education Code speak for themselves and, therefore, denies all allegations in paragraph 8 that attempt to characterize, paraphrase or expand on the language of said provisions. Aside from said admission and affirmative allegations, the District denies all remaining allegations therein.

## JURISDICTION AND VENUE

9. In answer to paragraph 9 of the Complaint, the District admits that this Court has jurisdiction over Plaintiffs' Complaint pursuant to 20 U.S.C. section 1415 and 28 U.S.C. section 1331. Aside from said admission, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

10. In answer to paragraph 10 of the Complaint, the District admits that venue for Plaintiffs' Complaint is proper in this Judicial District under 28 U.S.C. section 1391. Aside from said admission, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

## INTRADISTRICT ASSIGNMENT

11. In answer to paragraph 11 of the Complaint, the District admits that assignment of Plaintiffs' Complaint to the San Francisco or Oakland Divisions of the United States District Court for the Northern District of California is appropriate. Aside from said admission, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

## PARTIES

12. In answer to paragraph 12 of the Complaint, the District admits that at the time of the events complained of by David in the Complaint, David was a child with disabilities within the meaning of the IDEA. Aside from said admission, the District is without sufficient information, knowledge or belief to admit or deny whether David is an adult resident of Utah and, therefore, denies this allegation.

13. In answer to paragraph 13 of the Complaint, the District admits all allegations therein.

14. In answer to paragraph 14 of the Complaint, the District admits that it is a local governmental agency, organized and existing under the laws of the State of California. Aside from said

admission, the District asserts that the cited provisions of 20 United States Code speak for themselves and, therefore, denies all allegations within paragraph 14 that attempt to characterize, paraphrase or expand on the language of said provisions. The District also asserts that it has the responsibility to provide certain students with disabilities residing within its boundaries a free, appropriate public education designed to meet the students' unique needs, but that the District's described responsibility is not unqualified and, therefore, denies all remaining allegations in paragraph 14 that characterize the District's responsibility otherwise.

15. In answer to paragraph 15 of the Complaint, the District is without sufficient information, knowledge or belief to admit or deny the allegations therein and, therefore, denies all allegations therein.

## STATUTORY SCHEME UNDER IDEA

16. In answer to paragraph 16 of the Complaint, the District asserts that the cited provisions of 20 United States Code speak for themselves and, therefore, denies all allegations within paragraph 16 that attempt to characterize, paraphrase or expand on the language of said provisions. Aside from said affirmative allegations, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

## STATEMENT OF FACTS

17. In answer to paragraph 17 of the Complaint, the District admits the allegations in the first sentence and lines 18 through 20 (commencing at "He initially . . ." and ending at ". . . emotional disturbance."). Aside from said admissions, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

18. In answer to paragraph 18 of the Complaint, the District admits that it assessed David for special education in May 2000. Aside from said admission, the District denies that it incorrectly found that David was not eligible for special education as emotionally disturbed. Aside from said admission and denial, the District also asserts that the referenced report of David's May 2000 assessment and the referenced supplemental report by a District Retention Review Committee speak for themselves and, therefore, denies all allegations within paragraph 18 that attempt to characterize, paraphrase or expand on the language of said assessment report and supplemental report.

19. In answer to paragraph 19 of the Complaint, the District admits the allegations in the first sentence thereof. Aside from said admission, the District asserts that for the 2000-2001, 2001-2002, 2002-2003, 2003-2004, and 2004-2005 school years, David utilized regular education drop-in guidance and/or counseling available through the course of general education. Aside from said admission and affirmative allegations, the District denies all remaining allegations therein.

20. In answer to paragraph 20 of the Complaint, the District admits the allegations the first sentence thereof with regard to 2002, 2003, 2004; but the District is without sufficient information and belief to admit or deny such allegations with regard to 2001 and, therefore, denies the allegations therein. Aside from said admissions and denials, the District denies all remaining allegations therein.

21. In answer to paragraph 21 of the Complaint, the District admits that it completed David's triennial assessment on or about March 18, 2004. Aside from said admission, the District asserts that the District's March 18, 2004 triennial assessment of David did not include a social-emotional assessment because David's mother indicated that David's feelings of anxiety were no longer a significant problem and that David was effectively dealing with issues of anxiety. The District also asserts that by the 2004-2005 school year, David had experienced a number of truancies, sixteen disciplinary events, and was receiving failing grades. Aside from said admission and affirmative allegations, the District denies all remaining allegations therein.

22. In answer to paragraph 22 of the Complaint, the District admits that it convened an IEP meeting for David on or about January 27, 2005; that the District offered resource specialist services to David at the January 2005 IEP meeting; that David's mother requested that David be placed in an independent study program at the January 2005 IEP meeting; and that the District approved of the change in placement. Aside from said admissions, the District asserts that at or around January 27, 2005, David had experienced a number of truancies, and his first semester grades showed four F's and two D's. The District also asserts that it is without sufficient information, knowledge or belief to admit or deny the allegations in paragraph 22, lines 5 through 6 (commencing at "David's mother . . ." and ending at ". . . IEP process.") and, therefore, denies all allegations therein. The District also asserts that paragraph 22, lines 7 through 9 (commencing at "The District . . ." and ending at ". . . Independent Study.") of the Complaint consists of speculation, conclusion, and legal argument, rather than a factual

CASE NO. C07–04075 JL

1  presentation and, therefore, denies all allegations therein. Aside from said admissions and affirmative
2  allegations, the District denies all remaining allegations therein.
3      23.    In answer to paragraph 23 of the Complaint, the District admits that it convened an IEP
4  meeting for David on or about March 10, 2005; that at the March 10 IEP meeting the District informed
5  David's mother of mental health services potentially available for David; that David's mother requested
6  a referral to CMH for AB 3632 mental health services; and that as of March 10, 2005, the District had
7  not found David eligible for special education as emotionally disturbed. Aside from said admissions, the
8  District affirmatively alleges that the asserted requirements in the Complaint regarding AB 3632 consist
9  of speculation, conclusion, and legal argument, rather than a factual presentation and, therefore, denies
10 all allegations therein regarding AB 3632. Aside from said admissions and affirmative allegations, the
11 District denies all remaining allegations therein.
12     24.    In answer to paragraph 24 of the Complaint, the District admits that David's mother
13 signed consent to an AB 3632 referral to CMH on or about March 10, 2005. Aside from said admission,
14 the District asserts that it provided CMH additional information for David's referral on or about June 6,
15 2005, pursuant to CMH's request; and that CMH issued an assessment plan for David's AB 3632
16 referral on or about June 23, 2005. The District also asserts that on or about May 6, 2005, it sent the AB
17 3632 referral to CMH, that CMH received the referral on or about May 11, 2005, and that any delay in
18 providing the referral to CMH was caused, in part, by David's mother's delay in providing the District
19 requested information for the referral packet. The District also asserts that CMH requested additional
20 information for the AB 3632 referral on or about May 27, 2005 regarding psychological counseling and
21 guidance summary of services or explanation why they were inappropriate, and that the COE was, at the
22 time, responsible for David's education because David was placed in Juvenile Hall. Aside from said
23 admissions and affirmative allegations, the District denies all remaining allegations therein.
24     25.    In answer to paragraph 25 of the Complaint, the District admits that, based on information,
25 knowledge and belief, David assaulted his father with a hammer on or about May 15, 2005, and was
26 immediately taken to Alameda County Juvenile Hall where he became the legal educational
27 responsibility of the COE. Aside from said admissions, the District is without sufficient information
28 ///

1  knowledge and belief to admit or deny the remaining allegations therein and, therefore, denies all
2  remaining allegations therein.

3      26.    In answer to paragraph 26 of the Complaint, the District admits that in May 2005 David
4  was admitted to Alta Bates Summit Medical Center ("Alta Bates") on more than one occasion and that
5  when last discharged from Alta Bates, David was returned to Juvenile Hall where he remained until mid-
6  July 2005. Aside from said admissions, the District asserts that the May 2005 reports by Alta Bates
7  medical staff regarding the diagnoses of David speak for themselves and, therefore, denies all allegations
8  in paragraph 26 that attempt to characterize, paraphrase or expand on the language of said reports by
9  Alta Bates medical staff. Aside from said admissions and affirmative allegations, the District asserts
10 that it is without sufficient information, knowledge or belief to admit or deny the remaining allegations
11 therein and, therefore, denies all remaining allegations therein.

12     27.    In answer to paragraph 27 of the Complaint, the District asserts that David's mother
13 received an assessment plan from CMH in or around late June 2005 and that David's mother did not
14 provide consent to CMH to conduct an assessment of David. Aside from said affirmative allegations,
15 the District is without sufficient information, knowledge and belief to admit or deny the remaining
16 allegations therein and, therefore, denies all remaining allegations therein.

17     28.    In answer to paragraph 28 of the Complaint, the District denies the allegations in line 25
18 (commencing at "followed the . . ." and ending at ". . . Bates recommendation"). Aside from said denial,
19 the District asserts that David's mother placed David at Tranquility Bay, Jamaica on or about July 22,
20 2005, pursuant to a plea bargain with the Superior Court and the Superior Court's July 2005 order or
21 orders and approval; that Tranquility Bay was not an appropriate placement for David and that he did not
22 prosper there; and that in or about November 2005, David's mother unilaterally placed David at Willow
23 Creek School in Utah in accordance with the Superior Court's July 15, 2005 order, which ordered David
24 be placed outside of his mother's home. Aside from said denial and affirmative allegations, the District
25 also asserts that in or around July 15, 2005, by way of a plea bargain with the Superior Court by David's
26 mother, the Court ordered that David be made a Welfare and Institutions Code section 602 ward of the
27 court; custody of David be taken from David's mother and given to the Probation Department and David
28 be removed from the home of David's mother; David's mother purchase airline tickets to Jamaica and

1 present them to the Probation Department; and David be placed in a suitable foster care home, private institution or group home/county facility. The District also asserts that pursuant to order or orders by the Superior Court in July 2005, David's mother placed David at Tranquility Bay, Jamaica on or about July 22, 2005, at her own expense. Aside from said admissions and affirmative allegations, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

29. In answer to paragraph 29, the District admits that written correspondence from David's mother in or about January 2006 stated that David could not be brought home for assessment without placing himself and his family in jeopardy. Aside from said admission, the District asserts that it provided an assessment plan to David's mother on or about January 31, 2006, based on David's mother's agreement with the District to same on or about January 24, 2006, and that David's placement in Teen Safe in Utah occurred in January 2006, as opposed to June 2006. The District also asserts in answer to lines 4 through 9 (commencing at "David's mother . . ." and ending at ". . . in jeopardy.") that it received correspondence dated January 5, 2006 from David's mother on or about January 10, 2006, that requested a psycho-educational assessment and a referral to the CMH under AB 3632 to determine if David needed residential placement. The District also asserts that said correspondence speaks for itself and, therefore, denies all allegations in paragraph 29, lines 4 through 9, that attempt to characterize, paraphrase or expand on the language in said correspondence. Aside from said admission and affirmative allegations, the District denies all remaining allegations in paragraph 29.

30. In answer to paragraph 30 of the Complaint, the District asserts that Plaintiffs' Due Process Request of March 8, 2007, speaks for itself and, therefore, denies all allegations in paragraph 30, and 30(A) through 30(L), inclusive, that attempt to characterize, paraphrase or expand on the language in said Due Process Request.

31. In answer to paragraph 31 of the Complaint, the District admits the allegations set forth in the first and last sentences. Aside from said admissions, the District is without sufficient information, knowledge or belief to admit or deny the remaining allegations therein and, therefore, denies all remaining allegations therein.

///

32. In answer to paragraph 32 of the Complaint and the third sentence thereof, the District asserts that it is without sufficient information, knowledge or belief to admit or deny the allegations therein and, therefore, denies all allegations therein. Aside from said denial, the District admits all remaining allegations in paragraph 32.

33. In answer to paragraphs 33, and 33(i) through 33(vi), inclusive, of the Complaint, the District asserts that the OAH's decision in OAH Case No. N2007030300 speaks for itself and, therefore, denies all allegations within paragraphs 33 and 33(i) through 33(vi), inclusive, that attempt to characterize, paraphrase or expand on the language in said decision by OAH

34. In answer to paragraph 34 of the Complaint, the District denies all allegations therein.

35. In answer to paragraph 35 of the Complaint, the District asserts that the OAH's decision in OAH Case No. N2007030300 speaks for itself and, therefore, denies all allegations within paragraph 35 that attempt to characterize, paraphrase or expand on the language in said decision by OAH. The District also asserts that the cited provisions of the California Education Code in paragraph 35 speak for themselves and, therefore, denies all allegations within paragraph 35 that attempt to characterize, paraphrase or expand on the language in said provisions.

36. In answer to paragraphs 36 through 39, inclusive, of the Complaint, the District asserts that the OAH's decision in OAH Case No. N2007030300 speaks for itself and, therefore, denies all allegations within paragraphs 36 through 39, inclusive, that attempt to characterize, paraphrase or expand on the language in the said decision by OAH.

37. In answer to paragraph 40 of the Complaint, the District denies all allegations therein.

38. In answer to paragraph 41 of the Complaint, the District admits that the OAH's Order provided that the District should receive a credit for any payments made under the terms of a settlement agreement between Plaintiffs and CSS that were identified in said settlement agreement as reimbursement for room, board or therapy after May 23, 2006. Aside from said admission, the District denies all remaining allegations therein.

39. In answer to paragraph 42 of the Complaint, the District denies allegations therein. In addition to said denial, the District affirmatively alleges that the cited federal decision in paragraph 42

///

speaks for itself and, therefore, denies all allegations within paragraph 42 that attempt to characterize, paraphrase or expand on the language in said decision.

40. In answer to paragraph 43 of the Complaint, the District is without sufficient information, knowledge or belief to admit or deny the allegations therein and, therefore, denies all allegations therein.

41. In answer to paragraph 44 of the Complaint, the District incorporates by reference its responses to paragraphs 1 through 43, inclusive, of the Complaint, as set forth above.

### FIRST CLAIM FOR RELIEF
(Violation of the Individuals with Disabilities Education Act)

42. In answer to paragraph 45 of the Complaint, the District asserts that it has the responsibility to provide certain students with disabilities residing within its boundaries a free, appropriate public education designed to meet the students' unique needs, but the District affirmatively alleges that the District's described responsibility is not unqualified and, therefore, the District denies all remaining allegations in paragraph 45 that characterize the District's responsibility otherwise.

43. In answer to paragraph 46 of the Complaint, the District denies all allegations therein.

44. In answer to paragraph 47 of the Complaint, the District denies all allegations therein.

### SECOND CLAIM FOR RELIEF
(For attorneys' fees and costs)

45. In answer to paragraph 48 of the Complaint, the District asserts that the cited provisions of 20 United States Code speak for themselves and, therefore, denies all allegations within paragraph 48 that attempt to characterize, paraphrase or expand on the language in these provisions.

46. In answer to paragraph 49 of the Complaint, the District denies all allegations therein.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

47. The District alleges that Plaintiffs' Complaint fails to state a claim upon which relief may be granted against the District.

///

///

///

### SECOND AFFIRMATIVE DEFENSE
(Statute[s] of Limitation)

48. The District alleges that Plaintiffs are barred by the applicable statute[s] of limitations from asserting the claims alleged in the Complaint against the District.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

49. The District alleges that Plaintiffs are barred from asserting the claims alleged in the Complaint because Plaintiffs have failed to satisfy statutory prerequisites to suit and/or failed to exhaust administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE
(Laches, Waiver, Estoppel, Unclean Hands)

50. The District alleges that Plaintiffs are barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands from asserting the claims alleged in the Complaint against the District.

### FIFTH AFFIRMATIVE DEFENSE
(Comparative Fault)

51. The District alleges that Plaintiffs are barred from asserting the claims alleged in the Complaint against the District as any alleged damages were not caused by the acts or omissions of District, but by the acts or omissions of Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE
(Immunity and Privilege)

52. The District alleges that Plaintiffs are barred from asserting the claims alleged in the Complaint against the District as the District's actions are privileged, immune, justifiable, based solely on good faith, and/or otherwise lawful.

### SEVENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

53. The District is informed and believes, and on that ground alleges that Plaintiffs have had, and continue to have, the ability and opportunity to mitigate any and all damages alleged in the Complaint, and have failed to act reasonably to mitigate such.

///

**EIGHTH AFFIRMATIVE DEFENSE**
(Plaintiff Not Prevailing Party)

54. To the extent that Plaintiffs experienced limited success in the underlying administrative action, Plaintiffs are not a prevailing party and are barred in whole from an award of attorneys' fees.

**NINTH AFFIRMATIVE DEFENSE**
(OAH's Decision is Thorough and Well-Reasoned)

55. The District alleges that Plaintiffs are not entitled to any relief under their Complaint because the underlying special education due process decision issued by OAH is thorough and well-reasoned and, therefore, entitled to judicial deference.

**PRAYER**

WHEREFORE, the District prays as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That OAH's decision in OAH Case No. N2007030300 be affirmed in its entirety;

3. That District recover its attorneys' fees and expenses incurred herein;

4. For costs of suit incurred herein; and

5. For such other and further relief as the Court deems just and proper.

Dated: December 19, 2007

Respectfully submitted,

LOZANO SMITH

*/s/ Gregory A. Wedner*
GREGORY A. WEDNER
SLOAN R. SIMMONS
Attorneys for Defendant
PLEASANTON UNIFIED SCHOOL DISTRICT

00002\066\PLD\SR053665.WPD