Gregory A. Wedner, SBN 067965
Sloan R. Simmons, SBN 233752
**LOZANO SMITH**
2000 Crow Canyon Place, Suite 200
San Ramon, CA 94583-1344
Telephone: (925) 302-2000
Facsimile: (925) 302-2010
e-mail: gwedner@lozanosmith.com
e-mail: ssimmons@lozanosmith.com
Attorneys for Defendant
PLEASANTON UNIFIED SCHOOL DISTRICT

Kenneth A. Kuwayti, SBN 145384
Teresa N. Burlison, SBN 230854
**MORRISON & FOERSTER LLP**
755 Page Mill Road
Palo Alto, CA 94394-1018
Telephone: (650) 813-5600
Facsimile: (650) 494-0792
e-mail: Kkuwayti@mofo.com
e-mail: Tburlison@mofo.com
Attorneys for Plaintiffs
DAVID W. and JILL GALLINATTI

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. and JILL GALLINATTI,<br><br>Plaintiffs,<br><br>v.<br><br>PLEASANTON UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | CASE NO. C 07-05841 JSW<br><br>**JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER**<br><br>(FED. R. CIV. P. 26; LOCAL RULE 16-9)<br><br>Event:     Initial CMC<br>Date:      March 7, 2008<br>Time:      1:30 p.m.<br>Courtroom: 2, 17th Floor<br>Judge:     Hon. Jeffrey S. White |

In accordance with the Court's December 5, 2007 Order Setting Case Management Conference and Requiring Joint Case Management Conference Statement, Local Rule 16-9, and Rule 26 of the Federal Rules of Civil Procedure, Plaintiffs DAVID W. and JILL GALLINATTI ("Plaintiffs") and Defendant PLEASANTON UNIFIED SCHOOL DISTRICT ("District") (collectively with Plaintiffs herein, "Parties") hereby submit the following Joint Case Management Statement:

///

JOINT CASE MANAGEMENT STATEMENT;
& [PROPOSED] ORDER

David W. v. Pleasanton Unified Sch. Dist.
CASE NO. C 07-05841 JSW

## I. JURISDICTION AND VENUE.

The Court has jurisdiction to hear this case pursuant to 20 U.S.C. § 1415 and 28 U.S.C. § 1331. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## II. SERVICE.

There are no unserved parties.

## III. BRIEF CHRONOLOGY OF FACTS AND PRINCIPAL FACTUAL ISSUES IN DISPUTE.

This is an appeal under the federal Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. §§ 1400 *et seq.*) from a due process hearing conducted by the California Office of Administrative Hearings ("OAH").

Plaintiff David W. is a former student within the District who was placed at several different residential treatment facilities from 2005-2007. Plaintiffs contend that David W. was placed at these several residential treatment facilities as a result of the District's failure to properly assess and provide him with a free, appropriate public education ("FAPE"). The residential placements included Tranquility Bay in Jamaica, Willow Creek in Utah, Teen Safe in Utah, and Provo Canyon in Provo, Utah.

On March 8, 2007, David W.'s mother, Plaintiff Jill Gallinatti, filed a Request for Due Process with the OAH alleging David W. had been denied a FAPE as guaranteed by the IDEA during the 2000-2007 timeframe. On August 20, 2007, an OAH Administrative Law Judge ("ALJ") issued a Decision in the underlying matter on Plaintiffs' Request for Due Process. While the Decision largely was favorable to Plaintiffs, Plaintiffs contend that the ALJ nonetheless made several factual and legal errors that require judicial review, including improper, unsupported and inadequate remedies, and failure to award sufficient compensatory education. Plaintiffs contend that in so erring, the ALJ has allowed the District to provide David W. with an inappropriate educational program that is not reasonably calculated to provide him with educational benefit, in violation of the IDEA and related California law. Plaintiffs' position is that unless and until the ALJ's erroneous conclusions of law and fact are corrected and the remedies revised, David W. will continue to be denied his educational civil right: a FAPE in the least restrictive environment.

The District asserts that the OAH's ALJ's findings and conclusions in the administrative Decision are appropriate, supported by substantial evidence, consistent with applicable law, and will ask the Court to uphold the administrative Decision in its entirety.

## IV.    BRIEF STATEMENT OF DISPUTED FACTUAL AND LEGAL ISSUES.

**Misapplication of the Statute of Limitations**: In the underlying matter, the District raised the defense of the two-year statute of limitations provided at California Education Code § 56505(l), asserting that any claim in Plaintiffs' Request for Due Process based on events occurring prior to March 8, 2005 was time-barred. Plaintiffs responded by claiming the exception set forth in California Education Code § 56505(l)(2), which provides that the two-year limitations period does not apply if, as here (according to Plaintiffs' contentions), the parent was prevented from requesting a due process hearing due to the District withholding information it was required to provide under special education law. In its Decision, the ALJ ruled this exception was not applicable and that, therefore, Plaintiffs' claims based upon acts or omissions occurring from 2000-March 8, 2005 were barred by the statute of limitations. Plaintiffs contend that this ruling is incorrect as a matter of law and fact, while the District contends the ruling is entirely proper and supported by substantial evidence and the law.

In the alternative, Plaintiffs submit that the applicable statute of limitations in this case is not the two-year statute set forth at California Education Code § 56505(l), but the three-year statute set forth in California Education Code § 56043(r), which would allow claims in this case dating back to March 8, 2004 even if the exception in California Education Code § 56505(l)(2) does not apply. The District's position is that California Education Code § 56043(r) does not apply.

**Violation of the IDEA**: Under the IDEA, the District is responsible for providing David W. with a FAPE, including specialized instruction and related services designed to meet his unique learning needs. Such services are to be provided without cost to David W. or his parents.

In its Decision, the ALJ concluded the District failed to provide David W. with a FAPE and yet stopped short of providing David W. with a recovery of all Plaintiffs' sought-after remedy. Plaintiffs contend that the Decision improperly limits Plaintiffs' remedy to recovery of tuition and room and board costs incurred after May 23, 2006. Plaintiffs' position is that this limited recovery ignores David W.'s residential placements prior to May 23, 2006 (including at Willow Creek, Tranquility Bay and Teen

Safe), even though such placements resulted from the District's failure to provide him with a free, appropriate public education. Plaintiffs' position is that the Decision's failure to provide for reimbursement of costs of tuition, room, board, travel, financing and incidental costs arising from all of David W.'s residential placements is erroneous, not supported by a preponderance of the evidence, and contrary to law.

The District's position is that the ALJ's Decision on this issue and Plaintiffs' awarded remedy in particular is supported by the facts and law, and should be affirmed it its entirety.

**Request for Attorneys' Fees**: 20 U.S.C. § 1415(i)(3)(B) provides for an award of reasonable attorneys' fees and costs and related costs to the parents of a child with a disability who is the prevailing party in any action or proceeding brought under 20 U.S.C. § 1415.

Plaintiffs' position is that they prevailed in substantial part in the underlying due process proceeding and Decision, and believe that they will prevail in this action, entitling them to an award of their reasonable attorneys' fees and costs for both the administrative and judicial proceedings.

The District's position is that because the Plaintiffs experienced limited success in the underlying administrative action and Decision, Plaintiffs are not a prevailing party and are barred in whole from an award of attorneys' fees. The District also contends that, even if a prevailing party, Plaintiffs' recoverable attorneys' fees from the underlying due process proceedings and Decision are substantially limited by the fact that the vast majority of all efforts on behalf of Plaintiffs in these proceedings were conducted by an advocate who is not a member of the California State Bar and, thus, such efforts cannot be the predicate for an award of reasonable attorneys' fees under the IDEA. Finally, the District contends that Plaintiffs will not prevail in this action, thus further barring/limiting an award of IDEA attorneys' fees.

## V. MOTIONS.

There are no pending motions in this case. The only motion or motions that the Parties potentially anticipate is that described in Paragraph VII. regarding the introduction of additional evidence to augment the administrative record.

## VI. AMENDMENT OF PLEADINGS.

Amendment of pleadings is not anticipated by the Parties.

VII.	**DISCLOSURES AND DISCOVERY.**

Due to the voluminous administrative record and the nature of this action, the Parties' position is that all necessary records, reports and witnesses that would be the subject of <u>disclosures or discovery</u> are already known to and/or are possessed by the Parties, or already a part of the administrative record.

However, if either Plaintiffs or the District anticipate discovery or augmentation of the administrative record, in any form, the Parties' position is that, in order to conduct discovery and/or otherwise augment the administrative record, the Party must establish that it has a right to augment the administrative record. If a Party successfully argues that it can augment the administrative record, the other Party reserves the right to conduct discovery and augment the administrative record as well. Finally, if one Party is allowed to conduct discovery and augment the administrative record, the other Party anticipates that the timelines set forth in Paragraph XV. below may require modification.

The Parties do not anticipate using any expert witness testimony in this case other than for purposes of helping to prove the reasonableness and appropriateness of attorneys' fees sought. Therefore, the disclosure of expert witnesses and information is not required. However, if a Party successfully moves the Court to introduce any expert witness testimony in this case through a properly noticed motion, the other Party reserves the right to seek to use expert witness testimony as well.

Finally, the District's position is that with regard to Plaintiffs' alleged right to recover, or the recoverable amount of, attorneys' fees, the District anticipates discovery regarding same, including depositions, requests for production, interrogatories, requests for admissions, and/or motions concerning discovery. This is because facts and evidence concerning such issue <u>does not</u> exist in the administrative record.

In part because of the difference in the need for discovery and/or existence of necessary evidence in the administrative record with regard to Plaintiffs' cause of action appealing the underlying due process decision and the Plaintiffs' cause of action for attorneys' fees, the Parties proposes bifurcating this matter, as described more fully in Paragraph XVII.B.

VIII.	**EVIDENCE PRESERVATION.**

As described above, this is a civil action under the IDEA appealing parts of a special education due process decision by OAH. As such, the administrative record on which OAH's Decision, and this

appeal, are based is already complete and maintained by OAH and, thus, the Parties agree that there is no need to arrange or agree to steps for evidence preservation in this case.

### IX. RELATED CASES.

This case is not related to any other case.

### X. RELIEF SOUGHT.

Plaintiffs request the following relief in this action:

1. That this Court overturn those findings and rulings of the decision of the Office of Administrative Hearings that were adverse to Plaintiffs, as identified in Plaintiffs' Complaint for Violation of the Individual with Disabilities Education Act;

2. That the Court reverse the ALJ's Decision, in part, and provide that the District must reimburse the Plaintiffs for: a) all of the costs of room, board and tuition and therapy at Tranquility Bay in the amount of $14,350; b) all of the costs of room, board and tuition and therapy at Willow Creek in the amount of $59,144; c) travel expenses related to said placements in the amount of $7,759.62; d) financing costs related to said placements in the amount of $8,906 and loan interest at 6% per annum on the net loan of $41,791 from the date of the loan, December 13, 2005, until the date that the District makes payment; e) telephone and mailing costs related to said placements in the amount of $682.65; f) temporary placement at Teen Safe pending transfer to Provo Canyon in the amount of $800.

3. That the Court award attorneys' fees and costs for both the administrative and judicial proceedings; and

4. That the Court order such other and further relief as it may deem proper.

The District seeks to have the OAH's ALJ's administrative Decision upheld in its entirety, and Plaintiffs' claim for attorneys' fees under the IDEA be substantially reduced in amount or rejected in full on various bases.

### XI. SETTLEMENT AND ADR.

The Parties have each filed their Alternative Dispute Resolution ("ADR") Certifications, and have conferred on the use of the Court's ADR Process. The Parties have been unable to agree upon an ADR plan for the case and have filed a Notice of Need for ADR Phone Conference. An ADR Phone Conference has been scheduled for March 5, 2008.

XII. **OTHER REFERENCES.**

The Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

XIII. **NARROWING OF ISSUES.**

There are currently no issues in this matter appropriate for narrowing.

XIV. **EXPEDITED SCHEDULE.**

Aside from those proposals and clarifications herein in relation to the unique nature of this action as an IDEA civil action appealing a special education administrative due process decision by OAH, the Parties agree that this case is not proper for handling on an expedited basis with streamlined procedures.

XV. **SCHEDULING AND TRIAL.**

The Parties anticipate that this case will be decided based on the Court's review of the Parties' briefing, review of the administrative record, and oral argument if appropriate. The Parties propose the following dispositive IDEA appeal briefing and hearing schedule and deadlines: (1) the Plaintiffs will file and serve their Opening IDEA Appeal Brief no later than June 2, 2008; (2) the District will file and serve its Opposition Brief no later than July 2, 2008; (3) the Plaintiffs will file and serve their Reply Brief no later than July 16, 2008; and (4) the Court will hear oral argument based on the Parties' briefing and the administrative record on or about July 25, 2008.

The Parties estimates that the duration of "trial" will be one (1) day or less, but rather than an actual trial would consist of oral argument before the Court based on the Parties' briefing as described in above.

XVI. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS.**

Plaintiffs certify that the following listed personal associations of persons, firms, partnerships, corporations, or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceedings; or (ii) have a non financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceedings: Case Alliance for Special Education ("CASE"), the entity that represented Plaintiffs during the administrative proceedings before OAH.

As a governmental entity or agency, Local Rule 3-16 regarding disclosure and/or certification of non-party interested entities or persons does not apply to the District. *See* LOCAL RULE 3-16(a).

XVII.   ANY OTHER MATTERS.

    A.   **Inapplicability of Summary Judgment Standards and Procedures.**

The Parties agree that, because of the unique nature of an IDEA civil action appealing a special education administrative due process hearing decision, such dispositive appeal briefing described and proposed in Paragraph XV., which is based on the administrative record before OAH, followed by oral argument, is not akin to a motion brought under Rule 56 of the Federal Rules of Civil Procedure, nor does it involve the same legal precepts, as would be applicable to summary judgment.

    B.   **Bifurcation.**

The Parties believes that Plaintiffs' two claims for relief in this matter should be bifurcated. Plaintiffs' first claim for relief is an IDEA appeal challenging parts of a special education due process hearing decision issued by OAH. Plaintiffs' second claim for relief is for attorneys' fees based on Plaintiffs' purported prevailing party status in the underlying due process matter.

Plaintiffs' first claim for relief will be, unless one of the Parties successfully moves to introduce new evidence, based entirely on the administrative record from the underlying due process hearing. To the contrary, while Plaintiffs' second claim for relief will be based, in part, on the level of success obtained by Plaintiffs in the underlying due process hearing, the evidence to support and/or oppose Plaintiffs' second claim for relief will be based in part, if not in full, on evidence that does not exist in the administrative record and will require discovery by the District regarding same (e.g., Plaintiffs' advocate's and counsel's billing records; and the distribution of work between Plaintiffs' advocate who is not licensed to practice law in California and Plaintiffs' advocate's assistant who is licensed to practice law in California). Additionally, the level of success by Plaintiffs in this matter cannot fully be determined until after Plaintiffs' first claim for action—their IDEA appeal—is resolved, which will directly impact Plaintiffs' purported entitlement to attorneys' fees and the District's arguments in opposition to same.

As a result, the Parties proposes that the Court bifurcate this matter as follows: 1) the Parties proceed toward a hearing date for Plaintiffs' first claim for relief (IDEA appeal challenging parts of due process decision) under the schedule proposed in Paragraph XV., which will be based wholly on the administrative record unless one of the Parties successfully moves to augment the administrative record;

1  and 2) following the Court's decision and order on Plaintiffs' first claim for relief, the Parties will agree
2  to a schedule for discovery in relation to Plaintiffs' second claim for relief (IDEA attorneys' fees) and a
3  briefing and hearing schedule under which to resolve Plaintiffs' second claim.
4      Aside from the above-referenced points, the Parties do not contemplate any other matters that may
5  add to the just and expeditious disposition of this matter.

7  Dated: February 27, 2008

Respectfully submitted,

LOZANO SMITH

By: /s/ _____
   GREGORY A. WEDNER
   SLOAN R. SIMMONS
   Attorneys for Defendant
   PLEASANTON UNIFIED SCH. DIST.

Dated: February ____, 2008

Respectfully submitted,

MORRISON & FOERSTER LLP

By: _____
   KENNETH A. KUWAYTI
   TERESA N. BURLISON
   Attorneys for Plaintiffs
   DAVID W. and JILL GALLINATTI

and 2) following the Court's decision and order on Plaintiffs' first claim for relief, the Parties will agree to a schedule for discovery in relation to Plaintiffs' second claim for relief (IDEA attorneys' fees) and a briefing and hearing schedule under which to resolve Plaintiffs' second claim.

Aside from the above-referenced points, the Parties do not contemplate any other matters that may add to the just and expeditious disposition of this matter.

Dated: February ____, 2008

Respectfully submitted,

LOZANO SMITH

By: _____
GREGORY A. WEDNER
SLOAN R. SIMMONS
Attorneys for Defendant
PLEASANTON UNIFIED SCH. DIST.

Dated: February 27, 2008

Respectfully submitted,

MORRISON & FOERSTER LLP

By: /s/ Teresa N. Burlison
KENNETH A. KUWAYTI
TERESA N. BURLISON
Attorneys for Plaintiffs
DAVID W. and JILL GALLINATTI

# [PROPOSED] ORDER

The Joint Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the Parties are ordered to comply with this Order. In addition, the Court orders: with regard to Plaintiffs' first claim for relief, an IDEA appeal challenging parts of the underlying administrative due process hearing, (1) the Plaintiffs will file and serve their Opening IDEA Appeal Brief no later than June 2, 2008; (2) the District will file and serve its Opposition Brief no later than July 2, 2008; (3) the Plaintiffs will file and serve their Reply Brief no later than July 16, 2008; and (4) the Court will hear oral argument based on the Parties' briefing and the administrative record on July ____, 2008.

The Plaintiffs' second claim for relief, that for IDEA attorneys' fees, is bifurcated from Plaintiffs' first claim for relief, and the Parties' will agree to an appropriate discovery, briefing, and hearing schedule for Plaintiffs' second claim for relief after resolution of Plaintiffs' first claim for relief.

DATED:

_____
The Honorable Jeffrey S. White
District Court Judge